UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PARDEEP SINGH,

          Petitioner,

   v.

KRISTI NOEM, *et al.*,

          Respondents.

CASE NO. 2:26-cv-00403-GJL

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS

Petitioner Pardeep Singh ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On February 3, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1. The Petition has been fully briefed. Dkts. 1, 5, 8.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release.

## I.  BACKGROUND

Petitioner is a native and citizen of India who entered the United States without admission or parole on or about May 2, 2024. Dkt. 6 ¶ 4 (Rosa Decl.). U.S. Border Patrol officers apprehended Petitioner at that time. *Id*. at 5. The Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA") charging him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). *Id*. ¶ 7; Dkt. 7-2 at 2,

Ex. 2 (Wong Decl.). On the same day, DHS released Petitioner on an Order of Recognizance ("OREC") with various conditions and reporting requirements. Dkt. 7-3 at 2, Ex. 3.

Following his release, on August 16, 2024, Petitioner filed a Form I-589, an application for asylum and withholding of removal. Dkt. 6 ¶ 10. Petitioner has no criminal history in the United States or any other country. Dkt. 1 ¶ 2; *see also* Dkt. 7-1 at 4, Ex. 1.

Pursuant to the OREC's reporting requirements, Petitioner was required to check in with Enforcement and Removal Operations ("ERO") by submitting his photo and location to ICE at designated times. *Id.* ¶ 3. From late 2024 to 2025, Petitioner violated his OREC on multiple occasions by failing to complete this check-in. Dkt. 6 ¶¶ 11–13; 15. In addition, on August 9, 2025, Petitioner violated his OREC by traveling beyond his authorized mileage zone. *Id.* ¶ 14.

On December 17, 2025, Petitioner sent his photo to ICE, but due to an electricity outage, was unable to share his location, which ICE considered a violation of his OREC. Dkt. 1 ¶ 3. The next day, on December 18, 2025, Petitioner was arrested at his home in Washington and served with a cancellation of his OREC. *Id.*; Dkt. 7-1 at 3, Ex 1; Dkt. 7-4, Ex. 4. On the same day, he was transferred to NWIPC, where he is currently detained. Dkt. 6 ¶ 19.

## II.     PROCEDURAL HISTORY

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on February 3, 2026. Dkt. 1. On February 18, 2026, Respondents filed a Return arguing Petitioner's re-detention comports with due process. Dkt. 5. On February 23, 2026, Petitioner filed a Traverse. Dkt. 8.

The sole ground for habeas relief raised in the Petition is that Petitioner's re-detention without written notice and a legally sufficient pre-deprivation hearing violates his constitutional guarantees of due process under the Fifth Amendment. Dkt. 1; *see also* Dkt. 8. Respondents disagree, claiming that Petitioner's re-detention was warranted and within Respondents'

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

statutory authority. Dkt. 5. Having reviewed the parties' arguments and the relevant legal authority, the Court agrees with Petitioner and **GRANTS** habeas relief for the following reasons.

### III.   LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

### IV.   DISCUSSION

All three *Mathews* factors weigh in favor of Petitioner: (1) he has a protected liberty interest against re-detention within NWIPC following his prior release, (2) the absence of pre-

deprivation procedures created an unacceptably high risk of erroneous deprivation, and (3) the governmental interest in Petitioner's re-detention without a hearing is minimal or non-existent.[1]

Respondents assert that they acted within their statutory authority to re-detain Petitioner without prior notice or hearing. *See* Dkt. 5. As Petitioner correctly argues, and courts in this District have made clear, Respondents' statutory authority to detain does not validate an invasion of Petitioner's liberty interest without constitutionally guaranteed process.[2] *See* Dkt. 8 at 2–6; *Shinwari*, 2026 WL 262605, at *3 ("As multiple courts in this district have found in similar cases, even if a particular statute or regulation does not require a pre-arrest hearing in these specific circumstances, this does not mean such a hearing is not required by Due Process.") (citations and quotations omitted); *P.T.*, 2025 WL 3294988, at *2 ("To the extent that the

---

[1] The application of the *Mathews* factors to the case at bar is consistent with a high volume of similar cases within the District. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1321–24 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025); *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *3–4 (W.D. Wash. Sept. 17, 2025); *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *7–9 (W.D. Wash. Oct. 7, 2025); *P.T. v. Hermosillo*, No. 25-cv-2249-KKE, 2025 WL 3294988, at *2–4 (W.D. Wash. Nov. 26, 2025); *Francois v. Wamsley*, No. 25-cv-2122-RSM, 2025 WL 3496557, at *3–4 (W.D. Wash. Dec. 5, 2025); *Manuel v. Hermosillo*, No. C25-CV-2353-TL-MLP, 2025 WL 3690778, at *2 (W.D. Wash. Dec. 10, 2025), *report and recommendation adopted*, No. C25-2353-TL-MLP, 2025 WL 3697277 (W.D. Wash. Dec. 19, 2025); *A.C.J. v. Hermosillo*, No. 2:25-cv-02486-DGE, 2026 WL 73857, at *3–5 (W.D. Wash. Jan. 9, 2026); *Perez v. Hermosillo*, No. 25-cv-2542-RSM, 2026 WL 100735, at *6 (W.D. Wash. Jan. 14, 2026); *Yildirim v. Hermosillo*, No. 25-cv-2696-KKE, 2026 WL 111358, at *2–4 (W.D. Wash. Jan. 15, 2026); *G.S. v. Hermosillo*, No. 25-cv-2704-TSZ, 2026 WL 179962, at *3 (W.D. Wash. Jan. 22, 2026); *Torres v. Hermosillo*, No. 2:25-CV-02687-LK, 2026 WL 145715, at *6–8 (W.D. Wash. Jan. 20, 2026); *Shinwari v. Hermosillo*, No. 2:26-cv-00009-RAJ, 2026 WL 262605, at *3–4 (W.D. Wash. Jan. 30, 2026).

[2] Petitioner does not contest Respondents' statutory authority to detain under Section 1225(b) of the INA, but argues that, "even if Respondents could properly invoke § 1225(b) [here], that statutory label does not eliminate constitutional due process." Dkt. 8 at 5. The Court agrees with Petitioner here and notes that such claimed authority under Section 1225(b) of the INA is dubious and entirely inconsistent with Respondents' application of this provision in the case at bar. It is undisputed that Petitioner was released on his own recognizance and living in the United States before he was re-detained at NWIPC. This casts considerable doubt on Respondents' argument that this Petitioner is currently an "applicant for admission" subject to mandatory detention under § 1225(b). Dkt. 7 at 8. *See, e.g., Herrera Gomez v. Wamsley*, No. 2:25-cv-02642-JNW, 2026 WL 279966, at *2 (W.D. Wash. Feb. 3, 2026) ("This Court has previously rejected the Government's Section 1225(b) argument and does so again here.") (citing *Ledesma Gonzalez*, 2025 WL 2841574, at *3–4). Indeed, Respondents in part rely on the Fifth Circuit Court of Appeals' decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), in support of their position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). *See* Dkt. 5 at 5–6. However, with respect to the Fifth Circuit, this split decision is not binding on this Court, and is inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

1   Government's briefing suggests that Section 1225(b) should be the beginning and end of the
2   Court's inquiry, this position is emphatically rejected. In determining the lawfulness of
3   Petitioner's detention, the Court will focus not on the Government's claimed authority to detain,
4   but the process by which Petitioner was detained.").
5       Respondents also contend that due process does not require a pre-deprivation hearing in
6   all circumstances where individuals are detained after being released, including in Petitioner's
7   case. Dkt. 5 at 8. They claim, "[i]f DHS is required to have a pre-detention hearing when a
8   person violates conditions of release, it would inhibit the Executive's function of immigration
9   enforcement." *Id*. However, this argument fails for the very reason that the central issue here is
10  *the process* by which re-detention occurred, not whether it was warranted. *Ramirez Tesara*, 800
11  F. Supp. 3d at 1137 ("[T]he fact that the Government may believe it has a valid reason to detain
12  Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports
13  with due process."); *Yildirim*, 2026 WL 111358, at *4 (noting that any factual disputes related to
14  the justification for the petitioner's re-detention should have been resolved at a pre-deprivation
15  hearing, not after-the-fact during habeas proceedings).
16      In sum, irrespective of whether re-detention was authorized or warranted, the
17  Constitution guarantees notice and an opportunity to be heard before Petitioner can be removed
18  from his family, home, employment, and community. Such disruptions to the life of this
19  individual are constrained by the constitutional guarantee of providing a pre-deprivation notice
20  and hearing required by application of the *Mathews* factors in this case. *See, e.g., P.T. v.*
21  *Hermosillo*, 2025 WL 3294988, at *4 (collecting cases); *G.S.*, 2026 WL 179962, at *3 (same).
22  Indeed, these processes serve "as a crucial bulwark against the unfettered disregard of individual
23  liberty interests." *Id.* at *3.
24

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

Accordingly, the Court finds that, in re-detaining him without prior notice and an opportunity to be heard, Respondents violated Petitioner's procedural due process rights. Petitioner is, therefore, entitled to habeas relief for these constitutional deprivations in the form of immediate release from custody.

## V.   REMEDY

Petitioner, in conjunction with his request for release from custody, asks that Respondents be prohibited from re-detaining him during the pendency of his removal proceedings without providing written notice and a hearing prior to re-detention at which Respondents would bear the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks. *See* Dkt. 1 at 10–11.

The Court concurs that, consistent with the requirements of due process, Respondents must provide written notice and a hearing before a neutral decisionmaker prior to any re-detention of Petitioner. To the extent Petitioner requests that Respondents also be required to consider alternatives to detention at any re-detention hearing, he has failed to establish this additional procedural protection is constitutionally required. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024).

## VI.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1)   Petitioner's habeas Petition (Dkt. 1) is **GRANTED**;

(2)   Respondents **SHALL release** Petitioner from custody **within 24 HOURS** under the conditions consistent with those in place at the time of his re-detention;

(3)   Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them **SHALL NOT re-detain** Petitioner until after an Immigration Court hearing is held (on

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 6

adequate notice) to determine whether detention is appropriate, or until Petitioner is issued a final order of removal.

(4) Respondents **SHALL** file a certification within **48 HOURS** of the issuance of this Order, confirming that the Petitioner has been released from custody and providing the date and time of his release; and

(5) Any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 27th day of February, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 7